Dear Mr. Kirkpatrick:
This opinion is in response to your questions asking for an interpretation of certain provisions of the campaign finance disclosure law.
Your first question asks whether a candidate who has had a candidate committee in a prior campaign is eligible for the exemption in § 130.016, RSMo Supp. 1979, if that committee has made expenditures since the filing of its last disclosure report for the past election. Your second question asks whether such a candidate committee is required to file its disclosure reports for the current election if it and the candidate have received and made and intend to receive and make $500 or less in total contributions and expenditures and have received and intend to receive $50 or less from any single contributor from the time of filing its last report through the current election. Your third question asks whether all expenditures which are made by such a candidate committee such as charitable donations, political travel expenses and so forth which are apparently not directly related to any specific election are reportable expenditures of the committee.
Section 130.016, RSMo Supp. 1979, provides in pertinent part:
 1. No candidate shall be required to comply with the requirements to file a statement of organization or disclosure reports of contributions and expenditures for any election in which neither the aggregate contributions received nor the aggregate expenditures made on behalf of such candidate exceed five hundred dollars and no single contributor, other than the candidate, has contributed more than fifty dollars of the aggregate contributions received, provided that:
 (1) The candidate files a sworn exemption statement with the appropriate officer that he does not intend to either receive contributions or make expenditures in the aggregate of more than five hundred dollars or receive contributions from any single contributor, other than himself, that aggregate more than fifty dollars and that the total of all contributions received or expenditures made by him and all committees or any other person with his knowledge and consent in support of his candidacy will not exceed five hundred dollars and that the aggregate of contributions received from any one contributor will not exceed fifty dollars. . . .
Section 130.041, RSMo, provides in pertinent part:
 1. Every committee which is required to file a statement of organization, including a candidate who has elected to serve as his own candidate committee, shall file a legibly printed or typed disclosure report of receipts and expenditures for any election for which the committee makes expenditures or contributions or for which the committee receives contributions with the intent to make expenditures or contributions. . . .
Subsection 4(2) of § 130.046, RSMo Supp. 1979, provides:
 No disclosure report need be filed by the treasurer of any committee if by the closing date for the report the committee has neither received contributions nor made expenditures in the aggregate in excess of one hundred dollars since the closing date of the previously filed disclosure report and if the treasurer files under oath a notarized statement with the appropriate officer stating that neither the aggregate amount of contributions received nor the aggregate amount of expenditures made by the committee during the reporting period exceeded one hundred dollars. Any contributions received or expenditures made which are not reported because this statement is filed in lieu of a disclosure report, must be included in the next disclosure report filed by the committee. This statement shall not be filed in lieu of two or more consecutive reports if either the contributions received or expenditures made in the aggregate during those reporting periods exceed one hundred dollars. This statement may not be filed in lieu of the report required to be filed not later than the thirtieth day after an election if that report would show a deficit in excess of five hundred dollars.
Under § 130.021, RSMo Supp. 1979, after a candidate committee is formed all contributions on hand and all further contributions received by such candidate and any of the candidate's own funds to be used in support of his candidacy must be deposited in a candidate committee depository account established pursuant to subsection 4 of § 130.021, RSMo Supp. 1979, and all expenditures must be made through the treasurer of the candidate committee. Under § 130.041, RSMo, every committee which is required to file a statement of organization (see § 130.021.5), including a candidate who has elected to serve as his own candidate committee, is required to file a disclosure report of receipts and expenditures for any election for which the committee makes expenditures or contributions or for which the committee receives contributions with the intent to make expenditures or contributions. However, under subsection 4(2) of § 130.046, RSMo Supp. 1979, no disclosure report need be filed by the treasurer of the committee if by the closing date for the report the committee has neither received contributions nor made expenditures in the aggregate in excess of one hundred dollars since the closing date of the previously filed disclosure report and if the treasurer files the required notarized statement under oath.
It seems clear that a candidate who has an existing candidate committee (for termination of such committee see subsection 8 of § 130.021) is not eligible to file an exemption statement under § 130.016, RSMo Supp. 1979, if either the candidate or the candidate committee has received contributions or made expenditures since its last required disclosure report. When neither the candidate nor candidate committee have received contributions or made expenditures since the last required disclosure report, the candidate is eligible to file an exemption statement under § 130.016, RSMo Supp. 1979.
We are also of the view, in answer to your last question, that expenditures made by a candidate committee after its last report for the previous election such as charitable donations and political travel expenses even though apparently not directly related to a specific election are reportable expenditures for the next election in which the individual is a candidate. Such candidate committees by definition exist to make expenditures on behalf of the candidates candidacy. Subsection 6 of § 130.011, RSMo Supp. 1979.
CONCLUSION
It is the opinion of this office that a candidate committee formed for a prior election and still in existence is required to make a disclosure report of expenditures and contributions under § 130.041, RSMo, if it has made any expenditures or received any contributions since its last required disclosure report without regard to the amount spent or received unless the treasurer of such committee properly files a notarized statement under oath pursuant to § 130.046, RSMo Supp. 1979, with the appropriate officer stating that neither the aggregate amount of contributions received nor the aggregate amount of expenditures made by the committee during the reporting period exceeded one hundred dollars. A candidate with an existing candidate committee which has made expenditures or received contributions since its last required disclosure report for a previous election is not eligible to file an exemption statement under § 130.016, RSMo Supp. 1979. When neither the candidate nor the candidate committee has received contributions or made expenditures since the last required disclosure report, the candidate is eligible to file an exemption statement under § 130.016, RSMo Supp. 1979. Expenditures made by a candidate committee since its last required disclosure report for a previous election are reportable expenditures for the candidate's next election.
The foregoing opinion which I hereby approve was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General